## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
                Appellant,

        v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
                Agency.

DOCKET NUMBER
DE-3330-15-0377-I-1

DATE: March 15, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Marie T. Ransley</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

---

[2] The administrative judge denied the appellant's request for corrective action based on the written record, finding that the appellant failed to generate a genuine issue of material fact that required a hearing. Initial Appeal File (IAF), Tab 15, Initial Decision (ID) at 1. A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party if he credits that party's evidence. *See id*. On review, the appellant reasserts the argument he made on appeal, disputing the agency's determination that he was not qualified for the announced position and claiming that the administrative judge unlawfully denied his right to a hearing. IAF, Tab 13 at 11-25; Petition for Review (PFR) File, Tab 1 at 8, 12-17. It is undisputed that the agency did not select a candidate under the delegated examining vacancy announcement to fill the position at issue. ID at 3; IAF, Tab 9 at 11. The Board has recognized that there is no law or regulation requiring an agency to select an applicant under a vacancy announcement. *See Ward v. Office of Personnel Management*, 79 M.S.P.R. 530, 534 (1998) (an agency has discretion as to which sources it will use to fill its positions and may select or not select from the applicants who respond to a vacancy announcement), *aff'd*, 194 F.3d 1333 (Fed. Cir. 1999) (Table). We find that the arguments raised by the appellant on review are not dispositive and provide no basis to disturb the initial decision denying his request for corrective action under VEOA. Contrary to the appellant's argument on appeal, the Board has the authority to decide a VEOA appeal on the merits, without a hearing, if, as in this case, there is no genuine dispute of material fact and one party must prevail as a matter of law. PFR File, Tab 1 at 8; *see Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:             _____
                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.